UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-22632-CIV-HUCK/O'SULLIVAN

TODD PAJONAS,
    Plaintiff,

v.

EDWARD H. OKUN,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court on the Plaintiff's Motion for Entry of Judgment for Attorneys' Fees, Costs and Expenses (DE # 34, 6/9/08). This matter was referred to the undersigned by the Honorable Paul Huck. On July 21, 2008, the undersigned issued an Order (DE # 36) requiring the defendant to respond to the Plaintiff's Motion for Entry of Judgment for Attorneys' Fees, Costs and Expenses (DE # 34, 6/9/08) on or before August 4, 2008. The aforementioned Order was mailed to the defendant on July 21, 2008. As of the date of this Report and Recommendation, the defendant has not filed a response to the Plaintiff's Motion for Entry of Judgment for Attorneys' Fees, Costs and Expenses (DE # 34, 6/9/08). In accordance with the following Report and Recommendation, the undersigned respectfully recommends that the Plaintiff's Motion for Entry of Judgment for Attorneys' Fees, Costs and Expenses (DE # 34, 6/9/08) be GRANTED.

## DISCUSSION

Rule 7.1(C), Local Rules for the United States District Court for the Southern District of Florida provides, in pertinent part:

Each party opposing a motion shall serve an opposing memorandum of

law no later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure.  **Failure to do so may be deemed sufficient cause for granting the motion by default.** (Emphasis supplied).

On May 14, 2008, this Court granted Summary Judgment (DE # 30) in favor of the plaintiff against the defendant.  The Order indicated that the plaintiff was "entitled to . . . costs and fees pursuant to the Promissory Note."  On May 15, 2008, this Court entered Final Judgment in favor of the plaintiff (DE # 33).  The Final Judgment awarded attorneys' fees and costs to the plaintiff in an amount to be determined by the Court.  On June 9, 2008, the plaintiff filed the instant motion.  On July 21, 2008, a response having been due, but none having been filed, the undersigned Ordered a response by August 4, 2008.  As of the date of this Report and Recommendation, the defendant has failed to respond.

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  "A 'prevailing party' for purposes of Rule 54(d), is a party in whose favor judgment is rendered . . . this means the party who won at trial level, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded."  See All West Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co., 153 F.R.D. 667, 668-69 ( D. Kan. 1994).   The plaintiff prevailed in the case at bar and,  therefore, are entitled to receive all costs recoverable under 28 U.S.C. § 1920.   A court may only tax those costs which are specifically authorized by statute. See  Crawford Fitting Co.  v.  J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

A judge or clerk of any of court the United States may tax as costs the following:

>   (1) Fees of the clerk and marshal;
>
>   (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
>   (3) Fees and disbursements for printing and witnesses;
>
>   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
>   (5) Docket fees under § 1923 of this title
>
>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.   In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs.  However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  See EEOC v. W&O, Inc., 213 F. 3d 600, 620 (11th Cir. 2000).

I. Attorneys' Fees

The plaintiff requests $7,108.75 in fees.  This amount is for 19.25 hours spent by counsel for the plaintiff working on the case.  The undersigned has reviewed the plaintiff's motion and the attached affidavit of Reasonable Attorneys' Fees filed Eric N. Assouline, Esq., finds that fees in the requested amount are reasonable and appropriate in light of the billing rates for those individuals who worked on the case and accordingly, the undersigned recommends an attorneys' fee award in the amount of **$7,108.75**.

II. <u>Costs</u>

The plaintiff requests $350.00 for a filing fee, $61.00 for service of process and $78.34 for online legal research for a total cost request of $489.34.  The filing fee and the service of process fees are permitted under 28 U.S.C. § 1920.  The Eleventh Circuit has indicated that reasonable costs of online research may be recovered.  See <u>Terry Props., Inc. v. Standard Oil Co.</u>, 799 F.2d 1523, 1540 (11th Cir. 1986), citing <u>Johnson v. University College of University of Alabama in Birmingham</u>, 706 F.2d 1205, 1209 (11th Cir. 1983).  In addition, costs in the case at bar are being awarded pursuant to the Promissory Note which entitles the plaintiff to "all costs and expenses of the collection of this Note . . ." (DE # 1 at p. 7).  Therefore, even if costs for online research are not permitted by statute or case law, costs for online research may be recovered in the case at bar under the Promissory Note.  Accordingly, the undersigned finds that the plaintiff may recover the online research costs in the case at bar and is entitled to recover a total of **$489.34**  in costs.

III. <u>Expenses</u>

The plaintiff requests $63.44 for postage and FedEx expenses as well as $54.50 for photocopies.  Reasonable photocopies are permitted under 28 U.S.C. § 1920.  The undersigned finds the $54.50 requested for photocopies by the plaintiff is a reasonable amount.  The plaintiff argues that he is entitled to the postage and FedEx Expenses because although not expressly permitted by the statute, costs are being awarded pursuant to the Promissory Note which entitles the plaintiff to "all costs and expenses of the collection of this Note . . ." (DE # 1 at p. 7). Accordingly, the undersigned finds the plaintiff may recover the postage and FedEx expenses for a total expense award of

**$117.94**.

## RECOMMENDATION

Having received no response from the plaintiff following the Order requiring a response by August 4, 2008, the undersigned hereby respectfully **RECOMMENDS** that the Plaintiff's Motion for Entry of Judgment for Attorneys' Fees, Costs and Expenses (DE # 34, 6/9/08) be **GRANTED** in its entirety and that the plaintiff be awarded a total of $7,716.03 in fees, costs and other expenses.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul Huck, United States District Court Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); See Also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this  15th day of August, 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

United States District Judge Huck
All Counsel of Record

Copy sent by Chambers to:

Edward H. Okun
394 South Hibiscus Drive
Miami Beach, FL 33139